WILMINGTON & N. R. CO. (KEMBLE v.). See Case No. 7,684.

WILMINGTON & R. R. CO. (RANDOLPH v.). See Case No. 11,563.

WILMOT (BARSTOW v.). See Case No. 1,066.

WILMOT (VANDOVER v.). See Case No. 16,848.

---

## Case No. 17,778.

### In re WILMOTT.

[2 N. B. R. 214 (Quarto, 76); 1 Am. Law T. Rep. Bankr. 121.] [1]

District Court, N. D. New York. Oct. 19, 1868.

#### BANKRUPTCY—DISCHARGE.

A bankrupt must make application for his discharge within one year from the date of adjudication in bankruptcy.

[Cited in Re Greenfield, Case No. 5,774; s. c. Id. 5,775; Re Sloan, Id. 12,945; Re Brockway, 23 Fed. 584.]

In bankruptcy.

---

[1] [Reprinted from 2 N. B. R. 214 (Quarto, 76). by permission. 1 Am. Law T. Rep. Bankr. 121, contains only a partial report.]

HALL, District Judge. The application of the bankrupt for his final discharge, presented this day, Oct. 19, 1868, bears date on the 15th inst., and sets forth that the applicant was duly adjudged a bankrupt on the 29th day of September, 1867. The motion for the usual order of the creditors of the bankrupt, and all others in interest, to appear and show cause against such discharge, was made ex parte; and, without any opposition or argument upon the question, the court is called upon to decide whether it is proper to grant the order upon an application made after the expiration of one year from the adjudication in bankruptcy. The right of a bankrupt to apply for and obtain a discharge is expressly given by the bankrupt act [of 1867 (14 Stat. 517)], and it must rest entirely upon the provisions of the statute. The act provides: "That at any time after the expiration of six months from the adjudication of bankruptcy, or if no debts have been proved against the bankrupt, or if no assets have come to the hands of the assignee, at any time after the expiration of sixty days, and within one year from the adjudication of bankruptcy, the bankrupt may apply to the court for a discharge from his debts," &c. This provision would seem to require that the application for a discharge should be made within the year after the adjudication in bankruptcy, and such is the interpretation given to it by Avery and Hobbs in their work on Bankruptcy (page 210), where they say: "The bankrupt must apply for his discharge within one year from the date of the adjudication in bankruptcy." The order to show cause will not be made upon the present motion, but it may be renewed if the bankrupt's counsel can furnish authority for a different decision.