## Case No. 5,775.

### In re GREENFIELD.

[2 N. B. R. 311 (Quarto, 100);[1] 1 Chi. Leg. News, 139.]

District Court, S. D. New York. Dec. 24, 1868.

#### BANKRUPTCY—APPLICATION FOR DISCHARGE.

Under section 29 [Act 1867; 14 Stat. 531], it is only in cases where the bankrupt can apply for his discharge within less than six months from his adjudication, that he must do so within a year therefrom, in order to obtain a discharge.

[Cited in Re Watson, Cases Nos. 17,273, 17,275; Re Martin, Id. 9,153; Re Holmes, Id. 6,634.]

[In bankruptcy. In the matter of Thompson Greenfield.]

Sullivan & Baker, for bankrupt.

BLATCHFORD, District Judge. In this case, on the 14th instant, I denied the petition of the bankrupt for a final discharge, on the ground that he did not file his petition for final discharge within one year from his adjudication of bankruptcy. [Case No. 5,774.] His petition did not state either that no debts had been proved against him, or

1 [Reprinted from 2 N. B. R. 311 (Quarto, 100), by permission.]

that no assets had come to the hands of his assignee. In my decision in the case I stated that I had serious doubts whether the twenty-ninth section of the act required that in all cases a discharge must be applied for within one year from the adjudication of bankruptcy, and I gave at some length reasons for the conclusion, that the proper construction of the section was, that in case that the bankrupt was in a position, either by reason of no debts having been proved against him, or of no assets having come to the hands of his assignee, to apply for his discharge after the expiration of only sixty days from his adjudication of bankruptcy, he must so apply within a year from such adjudication; but that, in case he was obliged, by reason of debts having been proved against him, and of assets having come to the hands of his assignee, to wait until after the expiration of six months from such adjudication before he could apply for his discharge, he was not restricted to apply within one year from such adjudication, but might apply at any time after the expiration of such six months, even though at a longer distance of time than one year from such adjudication. In view, however, of the fact, that a decision had been made by the district court for the Northern district of New York,—In re Wilmott [Case No. 17,778],—to the effect that section 29 of the act required that in all cases a discharge must be applied for within one year from the adjudication of bankruptcy, and that if it was not applied for within that time, it could not be granted; and of the further fact that there would be greater mischief in granting a discharge in this case, on a mistaken view of the statute, than in erroneously withholding one, I refused a discharge, with a view to afford an opportunity for a review of the question involved by the circuit court, on a proper proceeding, to be instituted under section two of the act.

It now appears, by an order of the circuit court, of which a certified copy has, by the direction of that court, been transmitted to this court, that the bankrupt presented a petition to that court, setting forth that he was aggrieved by the order and decision made by this court, denying his petition for a final discharge, and praying that said decision and order might be reviewed and reversed, and that a final discharge might be granted to him; that the application for the exercise of the jurisdiction to hear and determine the case made by the said petition to the circuit court was made to Mr. Justice Nelson, and that he, on a consideration of said petition, and by his written decision and order thereupon, filed in the circuit court, decided and ordered that the said decision and order of this court be reversed, and that a final discharge in bankruptcy be decreed to the bankrupt. [Case No. 5,773.] In his decision, Mr. Justice Nelson says: "I have examined the twenty-ninth section of the bankrupt act, within discussed by Judge Blatchford, and his opinion upon it, and, after the best consideration I have been able to give, concur in that opinion. I think the fair grammatical construction excludes the limitation of the year, from the first clause in the section, and that there is reason for the distinction between the case where there are creditors and assets, involving delay in the proceedings and settlement of the estate before the court, and the case where there are either no creditors or no assets, or rather, no debts proved, or no assets to be assigned. The objection is very technical, and a contrary view leads to no useful result."

In accordance with these views of Mr. Justice Nelson, it must be regarded as the proper construction of the twenty-ninth section, as respects cases pending in this court, until such views are overruled by superior authority, that it is only in cases where the bankrupt can apply for his discharge within less than six months from his adjudication, that he must do so within one year from his adjudication. An order will be entered in this case, reciting the proceedings that have taken place since the former order of this court on the 14th instant, and directing that a discharge be granted to the bankrupt.