## Case No. 9,153.

### In re MARTIN.

[2 N. B. R. 548 (Quarto, 169).] [1]

District Court, S. D. New York. April 26, 1869.

BANKRUPTCY — DISCHARGE — EXEMPT PROPERTY— DELAY IN APPLICATION.

A bankrupt who had no assets except certain property set apart as exempt, failed to apply for a discharge within a year after adjudication of bankruptcy. *Held*, that the granting of a discharge was not a right, but a favor conditioned upon the performance of certain requirements of the statute, and the failure to make said application would preclude a discharge.

[Cited in Re Brockway, 23 Fed. 585; Re Sloan, Case No. 12,945.]

In bankruptcy

BLATCHFORD, District Judge. In this case the original voluntary petition of the bankrupt was filed on the 12th of July, 1867. He was adjudged a bankrupt by the register on the 18th of July, 1867. His application for a discharge was filed on the 5th of January, 1869. It is drawn according to form No. 51, and does not contain any averment that no debts have been proved against the bankrupt or any averment that no assets have come to the hands of the assignee. On this application an order to show cause against a discharge was made by the register. returnable April 10th, 1869. The only debt proved against the bankrupt is one which was proved on the 10th of April, 1869. The only assets set forth in schedule B to the petition are seventy-six dollars and fifty cents worth of exempt property, all of which the assignee has set apart to the bankrupt under the fourteenth section of the act [of 1867 (14 Stat. 522)]. The assignee makes return that no assets have come to his hands as assignee of the bankrupt.

This case, therefore, is one in which, under section twenty-nine of the act, the bankrupt could have applied for his discharge within less than six months from the adjudication of bankruptcy, namely, at any time after the expiration of sixty days from the adjudication of bankruptcy. But it was said in the case of In re Greenfield [Case No. 5,775], by this court, on the strength of a decision made by Mr. Justice Nelson, that in a case where the bankrupt could, under section twenty-nine, apply for his discharge within less than six months from the adjudication

of bankruptcy, he must so apply within one year from such adjudication. It is urged that the provision in section twenty-nine, as to the making of the application within one year from the adjudication, is merely directory; but I cannot so regard it. If it is merely directory, it is meaningless, and might as well not have been inserted in the section. Congress must have intended to apply the restriction of an application within one year to some cases, and if it be not applied to a case like the present one, it can have no application. The privilege of a discharge is given, by section thirty-three, only to a person who has, in all things, conformed to his duty under the act, and who has conformed to all the requirements of the act. One of these requirements is that the application in this case be made within one year from the adjudication. The discharge is a favor granted on a compliance with conditions prescribed, and not a right. I must, therefore, refuse a discharge in this case, until directed otherwise by superior authority.