## Case No. 12,945.

### In re SLOAN.

[13 Blatchf. 67;[1] 12 N. B. R. 59.]

Circuit Court, N. D. New York. June 29, 1875.

BANKRUPTCY — APPLICATION FOR DISCHARGE — WHEN MUST BE MADE.

1. The provisions of the twenty-ninth section of the bankruptcy act of March 2, 1867 (14 Stat. 531), that, "at any time after the expiration of six months from the adjudication of bankruptcy, or if no debts have been proved against the bankrupt, or if no assets have come to the hands of the assignee, at any time after the expiration of sixty days, and within one year from the adjudication of bankruptcy, the bankrupt may apply to the court for a discharge from his debts," require the application for a discharge to be made in all cases within one year from the adjudication of bankruptcy, whether there are debts proved or assets received, or not.

[Followed in Re Wood, Case No. 17,936. Cited in Re Brockway, 23 Fed. 585.]

2. The district court has no power, in any case, to grant a discharge, unless it be applied for within one year from the adjudication of bankruptcy.

[Followed in Re Wood, Case No. 17,936.]

[In review of the action of the district court of the United States for the Northern district of New York.]

Upon the return day of an order to show cause why the bankrupt should not be discharged from his debts, certain of his creditors appeared, and, upon showing to the district court that no assets had come to the hands of the assignee, objected, that, inasmuch as the application was not made within one year from the adjudication of bankruptcy, no discharge could be granted. The court (Wallace, District Judge,) refused the discharge, and delivered the following opinion:

"The grammatical construction of the twenty-ninth section of the act of March 2, 1867 (14 Stat. 531), which controls the decision of the question now involved, has been the subject of conflicting decisions in several cases where it has been passed upon by the courts. For the purposes of the present application, however, a construction must be adopted in conformity with that adjudged to be correct in cases which have been decided in both the district and the circuit courts for this district.

[1] [Reported by Hon. Samuel Blatchford, District Judge, and here reprinted by permission.]

It was held by my learned predecessor, that, in all cases, an application for a discharge must be made within the year from the adjudication. In re Wilmott [Case No. 17,778]. A different conclusion was reached, however, by Judge Nelson, in the circuit court, upon review of a decision of the district court for the Southern district of New York; and it was held by him, that it is only in cases where the application can be made after sixty days from the adjudication that it must be made within a year. In re Greenfield [Id. 5,773]; In re Martin [Id. 9,153]. I confess I am unable to appreciate any reason that prompted a distinction to be made in the section, for the purpose of compelling one class of bankrupts to apply for a discharge within a year, while granting to another class an unlimited period. There is great propriety in requiring the privilege to be exercised within a reasonable time, because, a creditor who desires to oppose can only do so when the bankrupt chooses to move; and, if an unlimited time is permitted the bankrupt, he can wait until the absence of witnesses, the destruction of evidence, and the mutations of time have deprived the creditor of the means of efficient opposition. And it would seem that the reason for the limitation applies with equal force to all classes of bankrupts. These considerations go far to sanction the construction given by Judge Hall, but, for the purposes of this motion, it is unnecessary to adopt that construction. It is quite apparent, that a bankrupt whose estate has assets, and whose creditors have interposed to protect their rights, by proving their debts, should not be permitted to obtain his discharge until he has been subject to the orders and supervision of the court sufficiently long to enable the assignee to avail himself of all the advantages which those orders afford for obtaining information and assistance from the bankrupt, and which, in many cases, are essential to the satisfactory administration of the estate. It was this view, probably, that influenced the framers of the law to provide, that, in such cases, no application shall be made for the discharge until the expiration of six months from the time of the adjudication of bankruptcy. The section under consideration provides, that such application may be made after sixty days, where either debts have not been proved, or assets have not come to the hands of the assignee. Inasmuch as assets did not accrue to the assignee in this proceeding, the bankrupt might have applied for his discharge at any time after sixty days from his adjudication and within one year. As held in Re Woolums [Id. 18,034], it is only when both debts have been proved and assets have come to the assignee, that the discharge cannot be applied for until after the expiration of six months. Within the construction adopted by the circuit court in Re Greenfield [supra], as he could have applied prior to the expiration of six months, he was required to apply within one year from his adjudication. Not having applied within the

year, he has not availed himself of the condition which, as I have heretofore held, is not permissive only, but imperative, if he desires to apply at all. The objections of the opposing creditors are, therefore, well taken, and the discharge must be denied. An order to that effect is, accordingly, directed."

The bankrupt applied to this court for a review of the order.

John H. Martindale, for bankrupt.
Charles F. Durston, for creditors.

HUNT, Circuit Justice. I agree in all respects with the opinion of Judge Wallace in this case. The authority to apply for a discharge rests entirely upon section 29. It must necessarily be taken with the limitations in that section contained. The only right to apply, there given, is to be exercised within one year from the time of the adjudication. In my judgment, this applies to all cases, whether there are debts proved, or assets received, or not. It is a case of limited authority, and there is no power to grant a discharge unless it is applied for within the time prescribed. The excuse of the bankrupt for the delay is a reasonable one, and, if there was power, I should accept it as satisfactory.

If it be assumed that the distinction made by Judge Nelson, that the limitation of one year applies only to cases where there are no assets, or no debts are proved, is a sound one, the result here must be the same. No assets in this case have come to the hands of the assignee.

Holding the limitation to be imperative, and not subject to the discretion of the court, there is no power to grant the discharge. In my view of the law, the district judge was compelled to deny the application for a discharge, and his order to that effect is affirmed.