## Case No. 4,086.

### In re DRISCO.

[14 N. B. R. 551.] [1]

Circuit Court, D. Massachusetts. Sept. 2, 1876. [2]

BANKRUPTCY—DISCHARGE—ORDER NUNC PRO TUNC
—NEW PETITION IN BANKRUPTCY.

If there is an omission to enter an order refusing a discharge, the bankrupt court may make it nunc pro tunc, if no rights of third parties have intervened which can be prejudiced by making the record speak the truth. If a party has contracted new debts since the filing of the first petition, he may file a second petition in bankruptcy.

[Cited in Re Brockway, 23 Fed. 585.]

[In the matter of Perrin C. Drisco, a bankrupt. Petition by Gustavis Bret and others to review the rulings of the district court.]

E. M. Johnson, for petitioners.
S. K. Hamilton, for respondent.

CLIFFORD, Circuit Justice. Sufficient appears to show that the petitioners are creditors of the alleged bankrupt; and they allege in their petition, filed in this court, that the bankrupt, on the 14th of March, 1872, filed a petition in bankruptcy in the district court, and that he was adjudged to be a bankrupt; that he afterwards applied to the district court for a discharge from his debt, under the bankrupt act; that the present petitioners filed objections to his discharge, alleging that he had committed certain frauds against the provisions of the bankrupt act, and that the charges of fraud were sustained by the district court, and that the petition for discharge was thereupon suspended; that a suit between the petitioners and the bankrupt, then pending in the state court, was by agreement prosecuted to judgment, to ascertain the amount due the petitioners from the bankrupt—they having proved no claim in the bankruptcy proceedings against his estate; that no order refusing the discharge of the bankrupt was made at the hearing, nor did the bankrupt then ask or require that such an order should be made; that the petitioners subsequently recovered judgment, in the suit pending in the state court, for twenty-one hundred dollars and costs of suit; that the bankrupt, on the 13th of July, 1875 (his former petition being still pending, and their claim being still unpaid), filed a second petition in bankruptcy, and was again adjudged bankrupt by the district court; that the petitioners, being notified of the second petition, filed a motion in the district court to dismiss the same, upon the ground that the bankrupt having, under his first petition, been proved guilty of frauds under the bankrupt act, and not having been discharged under the same, he could not again avail himself of the benefits of the bankrupt act; and that the former petition, inasmuch as

he was not discharged under it, is a bar to any subsequent proceedings under that act. Hearing was had upon the motion to dismiss the second petition in bankruptcy; but the district court entered an order nunc pro tunc, as of the date when the objection under the first petition to the discharge of the bankrupt was sustained, refusing his discharge, and at the same time overruled the motion of the petitioners that the second petition in bankruptcy should be dismissed. [3] These two rulings of the district court are assigned for error in the present petition for review, which is filed in the circuit court under the first clause of the second section of the bankrupt act (14 Stat. [518]).

Certain proceedings took place in the district court under the second petition in bankruptcy, before the rulings of the district court were made, which are now assigned for error, to which it becomes necessary to refer before attempting to consider the alleged erroneous rulings. Notice having been given of the second petition in bankruptcy, the present petitioners appeared and filed an answer, in which they set up the first petition of the bankrupt and the proceedings under it, and alleged that the district court in that case denied the right of the bankrupt to a discharge, and refused to grant the same by reason of the frauds which he committed against the bankrupt act; and they pleaded that the said refusal is a bar to the second application for the benefits of the bankrupt act, and prayed that the order adjudging the party a bankrupt may be vacated, and that the petition in bankruptcy may be stricken from the files of the court. Due reply was made by the petitioner in bankruptcy to the answer and objections of the present petitioners, in which he alleged that his second petition in bankruptcy ought not to be dismissed, because, as he says, that subsequent to those proceedings he contracted debts exceeding three hundred dollars, provable under the bankrupt act, which he was owing and unable to pay at the time the second petition was filed; and he denies that the former proceedings in bankruptcy, and the order refusing his discharge, are a bar to his second petition. Both parties, it seems, proceeded upon the ground in their pleadings that a discharge had been refused to the bankrupt in the former proceedings, and the clear inference is that the error was not discovered until the hearing on the pleadings. Enough also appears in the petition for review to warrant the conclusion that the record in the bankrupt court was left incomplete, by consent of the parties, in order that the suit pending in the state court might be prosecuted to final judgment. Be that as it may, it is conceded that the reason for the delay in perfecting the record no longer existed; and the court here is of the opinion that it was entirely competent for the dis-

[1] [Reprinted by permission.]
[2] [Affirming Case No. 4,090.]

[3] [See Case No. 4,090.]

trict court, sitting in bankruptcy, to supply the omission, as no rights of third parties had intervened which could be prejudiced by making the second speak the truth. Power to supply such an omission is beyond question, as appears by numerous authorities. Gray v. Brignardello, 1 Wall. [68 U. S.] 627; Campbell v. Mesier, 4 Johns. Ch. 334; Bank v. Weiseger, 2 Pet. [27 U. S.] 331; Vroom v. Ditmas, 5 Paige, 528; Lothrop v. Page, 26 Me. 119. Viewed in the light of these adjudications, no doubt is entertained that the order to perfect the record was properly made, and for the reasons given by the district judge in his very satisfactory opinion. In re Drisko [Case No. 4,090].

Suppose that is so, still it is insisted by the present petitioners that the bankrupt act does not contemplate a second voluntary bankruptcy, where the party remains undischarged under a former petition, nor where he was refused a discharge under a former petition for cause adjudged to be good by the bankrupt court. Support to that proposition is attempted to be drawn from the fact that the bankrupt act does not, in terms, make any provision for the proceedings on any such second petition; but the bankrupt act provides that, "any person * * * owing debts, provable under the act, exceeding three hundred dollars," may apply by petition for its benefits; and the act contains no provision prohibiting a person from such second application for debts contracted subsequent to a prior unsuccessful application, or for the reason that he was refused a discharge under a prior application. Conditions, it is true, are by a recent act, annexed to the right to proceed in bankruptcy a second time; but they have no application to the case before the court, and, if they do apply to it, give no support to the theory that the first petition of the bankrupt is a bar to the second, in a case where it appears that the second petition is based upon debts contracted subsequent to the time when the proceedings under the first petition were closed.

Much aid in construing the different provisions of the bankrupt act may be derived from the decisions of the supreme court of Massachusetts, in respect to the corresponding provisions in their insolvent law, as it is well known that the framers of the bankrupt act followed pretty closely the leading features of that law. Questions of a like kind were twice presented to the supreme court of Massachusetts, in which they decided the respective controversies in the same way as the district judge decided in the case before the court. Fisher v. Currier, 7 Metc. 424; Gilbert v. Hebard, 8 Metc. 129. Nothing need be added to the remarks of the district judge, in applying those decisions to the case under consideration, except to say that they may well be regarded as furnishing the true rule of decision in the present case. Attention is called to certain English decisions, where it appears that a contrary rule prevails. Suffice it to say, upon that subject, that the court here is of the opinion that the cases referred to are inapplicable to the act of congress, for the reasons assigned by the district judge in his well-considered opinion. Difficulties, it is suggested, may arise in administering the law in a case like the present, where one or more of the old creditors have not been paid. Due consideration has been given to that suggestion, which is certainly entitled to considerable weight; but those difficulties are well answered in the opinion given by the state supreme court, to which reference has already been made. Old creditors may come in, or stay out, at their election; but if they do come in, they must be content with an equal distribution of the assets, as provided in the bankrupt act. The petition in review is dismissed, with costs.