HENRY J. WOOD, RESPONDENT, *v.* LUCIEN L. HAZEN, APPELLANT.

*Bankrupt — application for discharge — within what time it must be made — sec. 29 of bankrupt act.*

Under section 29 of the original bankrupt act, providing that "at any time after the expiration of six months from the adjudication of bankruptcy, or if no debts have been proved against the bankrupt, or if no assets have come to the hands of the assignee, at any time after the expiration of sixty days, and within one year from the adjudication of bankruptcy, the bankrupt may apply to the court for a discharge from his debts," *held,* that the requirement that the aplication should be made within one year from the adjudication of bankruptcy, applied only to those cases in which no debts were proved, or no assets had come to the hands of the assignee.

*In re Greenfield* (2 N. B. R., 311) followed.

APPEAL from a judgment in favor of the plaintiff, entered upon the trial of this action by the court without a jury.

*F. M. Burdick*, for the appellant.

*C. B. Adams*, for the respondent.

TALCOTT, J. :

This is an appeal from a judgment rendered at the Oneida Circuit on a trial before one of the justices of this court without a jury. The action was commenced on the 18th day of October, 1875, and was to recover for goods sold and delivered by the plaintiff to the defendant in May, June and July, in the year 1872. The defendant was duly adjudicated a bankrupt by the District Court of the United States for the northern district of New York, in September, 1872. An assignee in bankruptcy was duly appointed who took possession of the property of the defendant under the bankrupt law. He has made one dividend, but has not yet rendered his final account, and there are funds remaining in his hands undistributed out of which there may be a further dividend. The plaintiff duly proved the claim for which this action is brought, in the proceedings in bankruptcy in November, 1872, and received his dividend. The defendant has never applied for a discharge under the bankrupt act, and such discharge has not been specifically refused to him. He sets up

the proceedings in bankruptcy in his answer, and the fact that the plaintiff proved his claim for which this suit is brought, under those proceedings, and alleges that the proceedings in bankruptcy are still pending and undetermined in the District Court. The action, it will be seen, was commenced more than three years subsequent to the adjudication of bankruptcy, and the question is, whether under the foregoing state of facts, it can be maintained by a creditor who has proved his debt under the proceedings in bankruptcy.

The provision of the bankrupt law bearing on this question, in force when this action was commenced and tried, is as follows:

"No creditor proving his debt or claim shall be allowed to maintain any suit at law or in equity therefor against the bankrupt, but shall be deemed to have waived all right of action against him; and all proceedings already commenced, or unsatisfied judgments already obtained against the bankrupt shall be deemed to be discharged and surrendered thereby. But a creditor proving his debt or claim, shall not be held to have waived his right of action or suit against the bankrupt, *where the discharge has been refused or the proceedings have been determined without a discharge.*" (U. S. Revised Statutes, § 5105, as amended by the act of June 22, 1874; 18 U. S. Stat. at Large, 179, § 7.)

A discharge has not been refused to the defendant within the meaning of the act, and the question is, have the proceedings been determined without a discharge? The plaintiff insists that the "proceedings" referred to in the act relate only to proceedings touching or affecting the discharge of the bankrupt, and that although the proceedings relating to the collection and distribution of the property of the debtor amongst his creditors may be still pending and undetermined in the District Court, if the time has elapsed within which the court can grant a discharge, the proceedings are determined within the meaning of the act, so that the right of action of the creditor is revived. Conceding this to be the true construction of the act, it becomes necessary to examine another section, which is section 29 of the bankrupt act, as originally passed, being section 5108 of the Revised Statutes of the United States. It is as follows:

"At any time after the expiration of six months from the adjudication of bankruptcy, or if no debts have been proved against the bankrupt, or if no assets have come to the hands of the assignee, at

any time after the expiration of sixty days, and within one year from the adjudication of bankruptcy, the bankrupt may apply to the court for a discharge from his debts."

Whether, under this last section, a discharge can be granted by the court after the lapse of one year from the adjudication of bankruptcy, has been the subject of apparently conflicting decisions in the Courts of the United States. It was held (*In re Greenfield*, 2 N. B. R., 311) by Judges BLATCHFORD and NELSON, in the United States Circuit for the southern district of New York, that by the construction of the said original section 29, the limitation of one year as the extent of the time within which the court had power to grant a discharge applied only to those cases where no debts had been proved, or no assets had come to the hands of the assignee, and where, therefore, the bankrupt might apply for a discharge after the expiration of sixty days from the adjudication of bankruptcy. (See, also, *In re Martin*, 2 N. B. R., 548.) On the other hand (*In re Sloan*, 12 N. B. R., 59), Judge WALLACE, in the District Court, argues that the year's limitation applies to all cases, but in the case then before him, it appeared that no assets had come to the hands of the assignee, so that his remarks *arguendo* must be understood to be *obiter*. It appears that the case of Sloan was taken up to the Circuit Court for the northern district of New York, and we have been favored by the plaintiff, in his points in this case, with the opinion delivered at the Circuit by Judge HUNT, the successor of Mr. Justice NELSON, on the bench of the Supreme Court of the United States. The opinion is quite brief. The learned judge, in affirming the decision of the District Court, denying Sloan a discharge, says, speaking of the year's limitation in section 29 : "In my judgment, this applies to all cases, whether there are debts proved or assets received or not." It will be perceived, however, that Judge HUNT does not profess to directly overrule the previous decision of Judge NELSON, but says only, in alluding to it : "If it be assumed that the distinction made by Judge NELSON, that the limitation of one year applies only to cases where there are no assets or no debts are proven, is a sound one, the result here must be the same ; " thus expressly recognizing the fact that the question whether the year's limitation, applied to cases where debts had been proven and assets had come to the hands of the assignee, was not before him. As to some extent

strengthening the position of the defendant here, it may be remarked that the decision of Judge NELSON was made soon after the bankrupt law went into effect, and when its operation, under the decision of the courts, was watched with much interest by the profession, and presumably by members of the national legislature, and the construction which had been put upon the twenty-ninth section by so eminent and experienced a judge as Mr. Justice NELSON, on a point so important, doubtless attracted attention, yet, while congress has from time to time amended and remodeled the bankrupt law, it has left the original section 29, standing unchanged, until, by an act approved July 26, 1876 (Acts of Forty-fourth Congress, chap. 234), the twenty-ninth original section, now section 5108, is amended by striking out the limitation altogether, and providing that " at any time after the expiration of six months from the adjudication of bankruptcy, or if no debts have been proved against the bankrupt, or if no assets have come to the hands of the assignee at any time after the expiration of sixty days, and before the final disposition of the cause, the bankrupt may apply to the court for a discharge from his debts ; " and further providing that the section, as thus amended, shall apply to all cases, whether commenced before or after the amendment.

In this state of the decisions of the courts of the United States and of the legislation, we think the proper course for this court is to hold that the decision of Mr. Justice NELSON is the true construction of the original twenty-ninth section, until that decision shall have been directly overruled, which, as we have seen, it was not in the case of Sloan. Such being the case, it appears that the time within which the United States District Court may grant a discharge to the defendant had not expired when the action was commenced, and consequently that the proceedings mentioned in section 5105, have not terminated, and that the plaintiff's right of action was suspended by that section when this action was commenced. This leads, of course, to a reversal of the judgment.

Judgment reversed and new trial ordered, costs to abide the event.

Present — MULLIN, P. J., TALCOTT and SMITH, JJ.

Judgment reversed and new trial ordered, costs to abide the event.