WROE (MAYNADIER v.). See Case No. 9,351.

---

## Case No. 18,105.

### In re WRONKOW et al.

[15 Blatchf. 38; [2] 18 N. B. R. 81; 26 Pittsb. Leg. J. 2.]

Circuit Court, S. D. New York. July 2, 1878.

COMPROMISE BY BANKRUPTS—APPROVAL BY COURT—COMPOSITION PROCEEDINGS—ATTENDANCE OF BANKRUPT.

1. The jurisdiction of the district court, as to the composition proceedings, in this case, in bankruptcy, sustained.

2. A composition of 20 per cent., payable in money, on time, secured by notes, leaving certain real estate which had passed to the assignee in bankruptcy, to be converted into money, and paid to the creditors, in addition, is a lawful composition.

3. A bankrupt is not required, by the statute, to attend any other meeting, in composition proceedings, than the first one.

[Approved in Re Wilson, Case No. 17,781.]

4. A decision of the creditors excusing the bankrupt from attendance, ought not to be disturbed by the district court, unless it appears that wrong has been done to the minority creditors; and, after the district court has affirmed the action of the majority, the circuit court, on review, ought not to interfere, except in a very clear case.

[Approved in Re Wilson, Case No. 17,781.]

5. If the creditors interested in composition proceedings fail to attend to their interests in time, they must not expect the courts to relieve them from the consequences of their neglect, unless they make a clear case for equitable interference in their behalf.

6. Where the creditors, and the register, and the district court have approved a composition, the circuit court ought not to interfere, unless specific errors in the action of the creditors or of the district court are pointed out, which, if sustained, would change the judgment.

[Cited in Re Joseph, 24 Fed. 138.]

[Proceedings in the matter of Herman Wronkow and Thomas G. Hogan, bankrupts.]

Cephas Brainerd and James S. Stearns, for creditors.

Melville H. Regensburger, for bankrupts.

WAITE, Circuit Justice. This is a petition, under the supervisory jurisdiction of this court, in bankruptcy, to set aside an order of the district court directing that a resolution of creditors, accepting a proposition of compromise made by the bankrupts, be recorded. The objections are: (1) That the court had no jurisdiction; (2) that the compromise was not payable in money; (3) that Hogan, one of the bankrupts, was excused from attendance at the meetings of the creditors, without sufficient cause; (4) that the composition was not for the best interest of all concerned.

There can be no doubt of the jurisdiction of the district court. Composition proceedings must be had in the court where the suit in bankruptcy is pending. A petition in involuntary bankruptcy was filed against these bankrupts in the district court, and it alleged facts sufficient to show jurisdiction. Upon this petition an adjudication in bankruptcy was had, and an assignee was appointed and qualified. Wronkow, one of the partners, was a resident of the district, and Hogan, the other, appears by attorney in the composition proceedings.

The offer was of payment in money, but on time, secured by notes. This was the substance of the proposition. By reason of the bankruptcy proceedings, the creditors had already acquired an interest in the real estate which had passed to the assignee by the conveyance of the register. It does not invalidate the proposition that, in addition to the money to be paid, this real estate was to remain with the assignee, to be converted into money, for the use of the creditors, to whom, in reality, it then belonged. The offer, in effect, was,

---

[1] [Reported by Richard Peters, Jr., Esq.]

[2] [Reported by Hon. Samuel Blatchford, Circuit Judge, and here reprinted by permission.]

that the creditors should retain the real estate which they already had, and that the twenty per cent., in money, should be paid in addition. There is nothing wrong in this.

The debtors are not, by law, required to attend any meeting of the creditors but the first, and that is to be considered as continuing until the vote is taken upon the resolution to accept. If, being summoned to attend a future meeting, they fail to appear, that fact may, with great propriety, be taken into consideration by the court, in determining whether the resolution of acceptance should be admitted to record. As the composition proceedings are part of the bankruptcy suit, it would, undoubtedly, be in the power of the court, upon proper showing made, to compel an attendance; but the law itself does not make it obligatory upon the bankrupt to be present, except at the first meeting.

He is to be present then, unless prevented by sickness, or other cause satisfactory to the meeting. Of the sufficiency of the cause the creditors themselves are to decide, in the first instance, and their decision should not be disturbed by the court, except for good cause shown. It must, in some form, appear that wrong has been done to the minority creditors, by reason of the vote which was given. After the district court has affirmed the action of the majority, this court, in the exercise of its supervisory jurisdiction, ought not to interfere, except on a very clear case. While the rights of the minority creditors should be carefully watched and protected against all unreasonable acts of the majority, the judgment of the requisite majority should always be allowed to prevail, unless obtained without sufficient consideration, or by some unfairness or undue influence.

In this case, the excuse presented for one of the debtors was his absence in California, where he resided. This was fairly submitted to the meeting. It seems to have been fairly considered. The meeting was well attended. All the objections made were fully presented and duly deliberated upon. The result was a vote in favor of the sufficiency of the excuse. The petitioners were not present at this meeting. For some cause satisfactory to themselves they stayed away. At the second meeting called by the court to inquire whether the resolution of acceptance had been properly passed, and whether it was for the best interest of all concerned that the resolution should be recorded, the petitioners appeared for the first time. They then complained of the absence of the one debtor at the first meeting, and insisted that he ought not to have been excused. At their request, the resident debtor submitted to a further examination from them, but, notwithstanding all this, a report in favor of the acceptance was again secured, both from the register and the creditors. This being done, the petitioners appeared before the court, and still further urged their opposition to the composition. They were again unsuccessful, and now are here. Apparently, every other creditor is satisfied but themselves. If they had availed themselves of their privileges under the law, and had attended the first meeting, to urge their views upon the consideration of the creditors there assembled, the result might have been different, and, certainly, they would have occupied a much more favorable position for inviting the attention of this court to their complaints now. If creditors interested in composition proceedings fail to attend to their interests in time, they must not expect the courts to relieve them from the consequences of their neglect, except they make a clear case for equitable interference in their behalf. That has not been done here.

It is next insisted, that the compromise is not for the best interest of all concerned. The requisite majority of the creditors, at the first meeting, thought it was. The same thing occurred at the second meeting, called specially to consider that very question. The register coincided in the opinion of the creditors, and so reported. The district court, upon full argument, has decided in the same way. This court ought not to interfere, under such circumstances, unless specific errors in the action of the creditors or the court below can be pointed out, which, if sustained, would change the judgment. Mere general questions of expediency must, ordinarily, be considered as settled, when the requisite majority of the creditors, the register, and the district court all agree. Nothing short of fraud or gross error in judgment should call into exercise the jurisdiction of this court in such a case. That does not appear here. This court is simply called upon to decide, upon the whole case, whether the creditors and the district court have come to a wrong conclusion as to what is for the best interest of all concerned.

The order of the district court is affirmed.

---

WURTS, The JOHN. See Case No. 7,434.

WURTZ (JOY v.). See Case No. 7,555.

WYANDOT COUNTY (COLER v.). See Case No. 2,987.

WYANDOTTE CITY (EIDEMILLER v.). See Case No. 4,313.