## Case No. 17,781.

### In re WILSON et al.

[16 Blatchf. 112.][1]

Circuit Court, S. D. New York. March 26, 1879.

BANKRUPTCY—COMPOSITION PROCEEDINGS—OBJECTIONS—REVIEW IN CIRCUIT COURT—DISCRETION OF REGISTER AND DISTRICT COURT.

1. Under the statute in regard to compositions in bankruptcy (Act June 22d, 1874, § 17, 18 Stat. 182), a debtor may be excused by the creditors from answering inquiries, even though he is present at the meeting of creditors.

2. On a review in bankruptcy the circuit court cannot consider objections to a proceeding in composition, that were not taken in the district court.

3. It is no valid objection to a composition, that it is unsecured and payable in instalments, and that the property of the debtor is restored to him, to be dealt with at his pleasure.

4. When questions of policy and expediency have been fairly before the creditors and disposed of by them, and their action has been approved by the register and the district court, such action will not be interfered with by the circuit court, on review.

[Cited in Re Joseph, 24 Fed. 138.]

5. The provisions of the composition in this case considered and *held* not to violate the statute or to be improper.

[In review of the action of the district court of the United States for the Southern district of New York.

[In the matter of Samuel Wilson and Thomas Greig, bankrupts. From an order of the district court for the confirmation of a composition (Case No. 17,785) the case was brought to this court on petition of review.]

Alexander Blumenstiel, for Brigg, Entz & Co.

Gershom A. Seixas, opposed.

BLATCHFORD, Circuit Judge. The record shows, that, at the first meeting of creditors in regard to the composition, on April 24th, 1878, it was stated, by the counsel for the debtors, that Mr. Greig was prevented, by sickness, from attending the meeting, and that Mr. Greig's physician was in attendance to testify to facts in support of such statement. The physician was then examined and was cross-examined by five counsel for various creditors, and, among them, by the counsel for Brigg, Entz & Co., the creditors who bring this petition of review. During such examination, Mr. Greig appeared. The meeting was then adjourned to April 25th, 1878, at 9.30 a. m. On that day, between 9.30 and 10 a. m., Mr. Greig appeared, but he retired be-

[1] [Reported by Hon. Samuel Blatchford, Circuit Judge, and here reprinted by permission.]

fore 10 a. m., and before the opening of the meeting, and was not present at its opening. A resolution was then moved that Mr. Greig be excused from further attendance at such meeting and at any adjournment thereof, and from submitting himself to any examination at such meeting. The counsel for Brigg, Entz & Co. objected to the resolution. The vote in its favor was 40 creditors, representing $75,613.75, out of a total of 46 creditors, representing $94,487.30. The resolution was declared to be passed. Mr. Wilson, the other debtor, was then examined, and, among others, by the counsel for Brigg, Entz & Co. The resolution of composition was then presented to be voted on, and the counsel for Brigg, Entz & Co. objected to the taking of a vote on it, because Mr. Greig was not present to answer inquiries. The objection was overruled by the register. The resolution of composition was then put to vote, and was passed by 34 creditors out of 36 whose claims exceeded $50 each, and who were represented or assembled at the meeting, and by an aggregate indebtedness, including claims under $50 each, of $75,613.75. Two creditors, representing $13,376.27, voted in the negative. It was then agreed that the counsel for Brigg, Entz & Co. might raise, on the final hearing, any objections which he could raise on the application for the second meeting.

At the second meeting, held on the 8th of May, 1878, the counsel for Brigg, Entz & Co. presented the following objections to the confirmation of the resolution of composition: (1) That, although Mr. Greig was present at the first meeting, he did not answer any inquiries made of him, and it did not appear that he was prevented from being at such meeting by reason of any satisfactory cause, and the resolution passed, purporting to excuse him from further attendance at the first meeting, was without authority of law, under the circumstances above set forth; (2) that it appeared that the resolution of composition was not for the best interest of all concerned, and that the resolution could not proceed without great injustice and undue delay to the creditors. On the 8th of May Mr. Brigg and Mr. Entz were examined by their counsel and Mr. Wilson was examined. On the 9th and 10th of May Mr. Wilson was further examined, and a witness was examined. On the 11th of May Mr. Wilson and Mr. Greig were examined by counsel for creditors other than Brigg, Entz & Co. On the 13th of May Mr. Wilson and a witness were examined. On the 29th of May Mr. Wilson was further examined. On the 13th of June Mr. Brigg was further examined. The record shows that the counsel for Brigg, Entz & Co. was present on the 8th of May, but it does not show that he was afterwards present except on the 13th of June.

In regard to Mr. Greig it is contended, that, even though the debtor might be excused from attending, when absent, he could not be excused from answering, when present. The provision of the statute is, that "the debtor,

unless prevented by sickness or other cause satisfactory to such meeting, shall be present at the same and shall answer any inquiries made of him." The good sense of this provision is, that the debtor may, for a cause satisfactory to the meeting, be excused from answering inquiries. Of course, he cannot answer inquiries then and there made, unless he is present. But, even if he is physically present, he may be unfit to answer inquiries. The present is a case of that kind. While the physician was testifying as to the propriety of examining Mr. Greig, Mr. Greig came in. The creditors and their counsel had an opportunity of seeing him, in connection with the testimony of the physician, and thereupon they voted to excuse him from attending and from being examined at the first meeting. He was examined sixteen days afterwards, at the second meeting. The testimony of the physician showed satisfactorily that Mr. Greig was not in a fit mental condition to be examined at the time the resolution excusing him was passed. But, he was only excused from being examined at the first meeting. He was present and was examined at the second meeting. If the counsel for Brigg, Entz & Co. had applied for leave to examine him, the privilege, doubtless, would have been granted. Although such counsel may not have been aware that Mr. Greig was being examined, yet he was present before the register on the 13th of June, and the proceedings before the register were kept open until the 6th of August. The objections filed in the district court by the counsel for Brigg, Entz & Co. in respect to Mr. Greig are wholly confined to what took place at the first meeting, and the record shows no objection in the district court in respect to the non-examination of Mr. Greig at the second meeting by the counsel for Brigg, Entz & Co. This court cannot, on review, consider objections that were not taken in the district court.

The views of this court, expressed by Chief Justice Waite, in Re Wronkow [Case No. 18,105], are applicable to the objection above considered. In that case, one objection taken in this court to the resolution of composition was, that one of the bankrupts was, at the first meeting of creditors, excused from attendance, without sufficient cause. This court said: "The law itself does not make it obligatory upon the bankrupt to be present except at the first meeting. He is to be present unless prevented by sickness or other cause satisfactory to the meeting. Of the sufficiency of the cause the creditors themselves are to decide in the first instance, and their decision should not be disturbed by the court, except for good cause shown. It must in some form appear that wrong has been done to the minority creditors, by reason of the vote which was given. After the district court has affirmed the action of the majority, this court, in the exercise of its supervisory jurisdiction, ought not to interfere except in a very clear case. While the rights of the minority creditors should be carefully watched and protected against all unreasonable acts of the majority, the judgment of the requisite majority should always be allowed to prevail, unless obtained without sufficient consideration, or by some unfairness or undue influence. In this case, the excuse presented for one of the debtors was his absence in California, where he resided. This was fairly submitted to the meeting. It seems to have been fairly considered. The meeting was well attended. All the objections made were fully presented and duly deliberated upon. The result was a vote in favor of the sufficiency of the excuse." In that case, the objecting creditors did not attend the first meeting. Here, they were present at it and took part in the proceedings in reference to excusing Mr. Greig. The objection is overruled.

The composition was 35 per cent. in money, without interest, payable in 5 instalments, of 7 per cent. each, in 3, 6, 9, 12 and 15 months respectively, to be evidenced by the promissory notes of the debtors. The resolution contained the following provision: "The injunction heretofore granted in these proceedings, restraining the debtors from disposing of their property, shall be vacated and annulled." The proceedings in bankruptcy were not to be discontinued until the entire 35 per cent. had been paid. By the 8th clause of the resolution it was provided, that one Jones be appointed custodian and special receiver of the property of the debtors, by the bankruptcy court, but subject to the restriction, that he should not take any of said property into his custody or possession, until the debtors should have defaulted in the payment of one or more of the composition notes. Security in $10,000, to be given by Jones, was provided for.

The petition of review sets forth, as reasons why the composition was not for the best interest of the creditors: (1) That it was in deferred payments, and wholly unsecured, and provided for the return of all the property to the debtors on the delivery of the notes, without any security, either that the composition would be paid, or that the debtors would not dispose of all the property before the maturity of any of the notes; (2) that the debtors were not proper custodians of their assets, because they had fraudulently contracted their debt to Brigg, Entz & Co.; (3) that the delivery of the property to the debtors placed the composition at the risk of their future business, and compelled the creditors to give up the assets in hand and trust them to the debtors without security; (4) that, in addition to the dishonesty of Mr. Greig, it appeared that he was mentally unfit to take charge of said property; (5) that the 8th paragraph of the resolution is in violation of the provision of the statute, and deprives the creditors of the right, in case of default in the payment of any of said instalments, to enforce their original claim, or to have re-

course to the other provisions of the statute, in the enforcement of the composition, and compels them to assent to the appointment of Jones as receiver, and substantially compels the court to make such appointment, upon Jones giving a bond in the fixed sum of $10,000, irrespective of the real amount of the assets which may be on hand at the time of such default.

The point of the objections is, that, the composition being unsecured and payable in instalments, and the property being restored to the debtors, to be dealt with at their pleasure, the composition ought not to be confirmed. The construction of our statute, and of the English statute, which is the same in this respect, has always been, that there is no inhibition against the confirmation of such a composition. Ex parte Burrell, 1 Ch. Div. 537, 552; In re Reiman [Case No. 11,673]; In re Van Auken [Id. 16,828]; Ex parte Hamlin [Id. 5,993]. The question is, whether the composition is "for the best interest of all concerned." It may be, although it is unsecured and is payable in instalments, and the property of the debtors is left free to be managed and disposed of by them.

The objection to the composition, taken on the record in the district court, was, that the composition was "not for the best interest of all concerned," and that it "could not proceed without great injustice and undue delay to the creditors." This general objection is, in the petition of review, formulated under these heads: (1) Deferred payments; (2) unsecured; (3) property left in the control of the debtors; (4) the debtors not proper custodians of the property, because they had fraudulently contracted their debt to Brigg, Entz & Co.; (5) mental unfitness of Mr. Greig to take charge of the property. This is the substance of the first four objections stated in the petition of review. The questions involved in them were all questions of policy and expediency, and were all fairly before the creditors. It must be presumed that they considered the objections and yet voted in favor of the composition, by the requisite vote. The register and the district judge approved of the composition, and of its terms. The district judge, in his decision,—Hudson v. Adams [Case No. 6,832],—considered all the questions in detail, except those relating to the debt to Brigg, Entz & Co., and to the mental unfitness of Mr. Greig, and arrived at the conclusion that the composition was for the best interests of all concerned. In regard to the review of such a decision, it was said, in Re Wronkow, before cited: "It is next insisted that the compromise is not for the best interest of all concerned. The requisite majority of the creditors, at the first meeting, thought it was. The same thing occurred at the second meeting, called specially to consider that very question. The register coincided in the opinion of the creditors, and so reported. The district court, upon full argument, has decided in the same way.

This court ought not to interfere under such circumstances, unless specific errors in the action of the creditors, or the court below can be pointed out, which, if sustained, would change the judgment. Mere general questions of expediency must ordinarily be considered as settled, when the requisite majority of the creditors, the register, and the district court all agree. Nothing short of fraud or gross error in judgment should call into exercise the jurisdiction of this court in such a case. That does not appear here. This court is simply called upon to decide, upon the whole case, that the creditors and the district court have come to a wrong conclusion as to what is for the best interest of all concerned." These views are the law of this court and cover the present case.

The question as to the contracting of the debt to Brigg, Entz & Co., and the question as to the mental fitness of Mr. Greig, were questions arising out of the evidence taken before the register. They were points which either were, or were not, urged before the district judge, under the general objection filed with the register. If they were urged, they were questions of expediency, and were passed upon. If they were not urged, they might have been, and must, on this review, be regarded as having been waived in the district court, so that, because not passed upon by the district court, they cannot be passed upon by this court, in review.

As matter of fact, however, I am, on consideration of the evidence, of opinion that the debt to Brigg, Entz & Co. was not fraudulently contracted.

As to Mr. Greig's mental condition, the physician testified, on the 24th of April, that Mr. Greig was not then in a fit mental condition to be examined; that the probabilities of a change of his condition were good, if he had a proper amount of rest; that he was not then fit to carry on business; but that freedom from business anxieties, rest and proper treatment, would be very improving, with a fair prospect, in time, of a restoration of his capacity to attend to business. Seventeen days after that Mr. Greig was examined. No creditor, after that, took any objection as to the mental condition of Mr. Greig, although adjourned meetings were held on seven different days after the 11th of May, and the proceedings were not closed before the register until August 6th.

The entire 8th paragraph of the resolution is in these words: "And, for the purpose of better securing the payment of the several instalments of composition, according to the tenor of the preceding resolutions, we do hereby further resolve, that James W. Jones, of the city of New York, be appointed custodian and special receiver of all the property and estate of the debtors, shown in the statement of debts and assets filed by them at the meeting of creditors at which these resolutions are passed, together with the increase and the profits and the avails thereof; and

we do hereby request his appointment by this court as such receiver; provided, however, and such appointment shall be made subject to this limitation and restriction, that said Jones shall not take any of said property into his custody or possession until the said alleged bankrupts shall have defaulted in the payment of their composition notes, or any of them, as hereinbefore provided to be given; and it is further provided, that the said James W. Jones, before entering upon the duties of his trust as such receiver as aforesaid, shall execute and file in this court a good and sufficient bond, in the penalty of ten thousand dollars, with one or more sureties, to be approved by the court, conditioned for the faithful performance by said Jones of his duties as such receiver as aforesaid." The 7th paragraph of the resolution provides as follows: "The injunction heretofore granted in these proceedings, restraining the debtors from disposing of their property, shall be vacated and annulled. In all other respects, the proceedings in bankruptcy shall remain as they are now, and shall be deemed to be pending until the composition is completed, for the purpose of any application which the creditors, or any of them, may see fit to make, upon the default of the debtors in the payment of any of the composition notes so to be given as aforesaid." I do not think the 8th paragraph of the resolution violates any provision of the statute, or works any of the results set forth in the 5th objection contained in the petition of review. The provisions of the 8th paragraph are stated therein to be for the purpose of further securing the payment of the several instalments of the composition. Taking the 7th and 8th paragraphs in connection, the creditors are not, in case of default in the payment of any instalment, deprived of any right which they would have had if the 8th paragraph had not been contained in the resolution, nor is the court prevented from appointing some other person than Jones as receiver, nor from requiring from Jones, or from any other receiver, a bond in such sum as it may deem proper. The 8th paragraph purports to relate only to what shall be done with the property, after default in the payment of some one of the notes. In that regard it looks toward security. Before default, the property is to remain with the debtors, in consonance with the plan of the composition. It would remain with the debtors even without the 8th paragraph. Whether the property be in the hands of the debtors, or in the hands of Jones, or whatever becomes of it, the creditors are not, by the 8th paragraph, deprived of any of the rights which the petition of review alleges they are deprived of. The case of In re Janeway [Case No. 7,207] is cited. In that case, the composition provided, that, as soon as the resolution should be recorded, all the property should revert to the debtors, the same as if no proceedings in bankruptcy had taken place, and that an order of discontinuance

might be entered, at the option of the debtors, without further notice to the creditors. The notes were to be deliverable within ten days after the order of confirmation, and, before any note should be given, the property might revert to the debtor, and the proceedings be out of court. The court refused to sanction such a composition, on the ground that it was no composition. The present case is not like that. The construction given to the terms of the composition by the petition of review is, that it provides "for the return of all the property to the debtors, upon the delivery of the notes." Such is the proper construction.

The provisions of the 8th paragraph are not of the substance of the composition. They request certain action to be taken by the court in case of default. The court is not compelled to comply with the request. It is still free to enforce the composition, or proceed with the bankruptcy, in like manner as if the 8th paragraph were not part of the resolution. These were the views of the district court, and they are approved. The prayer of the petition of review, for the reversal of the order of August 20th, 1878, is denied, with costs.