## *In re* Brockway, a Bankrupt.

### (*Circuit Court, S. D. New York.* September 13, 1882.)

BANKRUPTCY—REFUSAL OF DISCHARGE—SECOND APPLICATION—EVIDENCE — RES ADJUDICATA—AMENDATORY ACT OF JULY 26, 1876.

A bankrupt having applied for his discharge, it was denied by the district court, because his application was not made within one year from the date of adjudication of bankruptcy. Specifications opposing the discharge had been filed by creditors, including, among other grounds of objection, that the bankrupt had not kept proper books of account, and proofs were taken upon the issue, but were not considered by the court. Subsequently, and after the passage of the act of July 26, 1876, allowing an application for discharge to be made "at any time after the expiration of 60 days, and before the final disposition of the cause," the bankrupt made a second application for discharge in the same proceeding, which was opposed by the same creditors upon the same specifications, together with additional grounds of opposition. The proofs taken on the first application were used by the opposing creditors upon the second application, and by these proofs alone it was made to appear that the bankrupt had not kept proper books of account, and on that ground the discharge was denied. *Held*, on appeal to the circuit court, (1) that the proofs taken on the former application were competent; (2) that the former decision, denying the discharge, was conclusive between the bankrupt and his creditors, and a bar to the second application; (3) and that the subsequent amendment of the bankrupt act did not impair or affect the controlling force of the previous adjudication.

Bankruptcy Appeal. For decision of district court see 12 FED. REP. 69.

M. H. Regensberger, for petitioner.

A. C. Brown, for opposing creditors.

WALLACE, J. The bankrupt having applied for his discharge, it was denied by the district court, because his application was not made within one year from the date of the adjudication of bankruptcy. Specifications opposing the discharge had been filed by creditors, including, among other grounds of objection, that the bankrupt had not kept proper books of account, and proofs were taken upon the issue; but these proofs were not considered by the court, it having been held that the application was too late. Subsequently, by the act of July 26, 1876, (19 St. at Large, 102,) the section of the bankrupt act (section 5108, Rev. St.) requiring the application for discharge to be made within a year, having been amended so that it could be made "at any time after the expiration of sixty days, and before the final disposition of the cause," the bankrupt made a second application for discharge in the same proceeding. The discharge was opposed by the same creditors, upon the same specifications, together with additional grounds of opposition. The district court denied the discharge, because the bankrupt had not kept proper books of account. 12 FED. REP. 69. The proofs taken upon the first application were used by the opposing creditors upon the second application, and it was by these proofs alone that it was made to appear that proper books of account had not been kept by the bankrupt. The learned district judge held that, the issue being the same, the parties the same, and the proceeding for a discharge being in the same bankruptcy, the proofs taken upon the former application were competent. It is now urged by the bankrupt that this conclusion was erroneous.

Treating both applications as in substance one proceeding, there is no reason why the depositions used on the first occasion should not be competent upon the second. Unless the second application is to be deemed a rehearing of the original application, the bankrupt is finally precluded from obtaining his discharge. Upon a rehearing, the proofs originally taken are always admissible. Daniell, Ch. Pr. c. 32, § 2.

But I am constrained to hold that the order denying the discharge made upon the first application is a fatal obstacle in the way of any discharge. The order was, in effect, a final adjudication adverse to the right of the bankrupt to a discharge. So long as it remains in force, it is conclusive between the bankrupt and his creditors. It matters not that it was termed an order instead of a decree. *Dwight* v. *St. John*, 25 N. Y. 203. It was a decision upon the merits of the controversy, because it proceeded upon the ground that the bankrupt had not complied with a condition of the bankrupt act which was vital and imperative, if not jurisdictional. *Re Wilmott*, 2 N. B. R.

214; *Re Martin*, 2 N. B. R. 548; *Re Sloan*, 12 N. B. R. 59. Undoubtedly that decision would not preclude a new bankruptcy proceeding, nor, probably, a discharge in such proceeding, if the bankrupt could have shown himself entitled to one. *Re Farrell*, 5 N. B. R. 125; *Re Drisko*, 13 N. B. R. 112, and 14 N. B. R. 551. For the purposes of the present bankruptcy that decision must be deemed *res adjudicata*, that the bankrupt is not entitled to a discharge, because he has not complied with a condition essential to his right. It was a condition which could not be waived by a creditor, and which the court was bound to consider as a prerequisite to a discharge.

The subsequent amendment of the bankrupt act did not impair or affect the controlling force of the previous adjudication. Assuming, what may well be controverted, that the amendment may be given such retroactive effect as to authorize an application for a discharge in a pending proceeding, although the year from the date of the adjudication of bankruptcy had expired, it certainly cannot operate retroactively to overthrow a prior judgment. A retrospective construction to a statute is never favored; neither will it be inferred that congress intended to exercise a doubtful power. It is, at least, doubtful whether the act would be within the legislative competency, if intended to effect such a result. *State of Pennsylvania v. Wheeling Bridge*, 18 How. 421.

The order of the district court is affirmed.