*In re* JOSEPH, Bankrupt.

*(Circuit Court, S. D. New York.* 1885.)

1. BANKRUPTCY—COMPOSITION—REFUSAL OF DISCHARGE.
    An adjudication that a bankrupt is not entitled to a discharge will not bar proceedings for a composition with his creditors.
2. SAME—COMPOSITION, HOW CONSIDERED ON REVIEW BY CIRCUIT COURT.
    Whether it is expedient to accept the percentage offered by a bankrupt is a question primarily for the creditors to determine. And although the percentage may be very small, when they have determined it, and their action has been approved by the district court, the circuit court, upon review, will not interfere.

In Bankruptcy.

WALLACE, J. The bankrupts applied for a discharge and were opposed by some of their creditors under the provisions of section 5110, and their discharge was refused. Thereafter they proposed a composition, and the majority of the creditors resolved to accept it. The district court approved the terms, and ordered the recording of the resolution. The creditor who opposed the composition has petitioned for a review of the order of the district court, and now insists that the application of the bankrupts for their discharge, and the denial thereof by the court, was a bar to the proceedings for a composition. An adjudication that a bankrupt is not entitled to a discharge may conclude him from obtaining a discharge upon a subsequent application in the same proceeding. *Re Brockway,* 21 Blatchf. 136; S. C. 23

FED. REP. 583. But there are no decisions which have been brought to the attention of the court holding that such an adjudication is an estoppel to proceedings in composition. The contrary was decided by Judge BLATCHFORD, *In re Odell*, 16 N. B. R. 501. It is not apparent why it should have any such effect. A decision, however formal and conclusive, that a bankrupt has been guilty of acts of commission or omission which deprive him of the right to a discharge, when he applies for one as a matter of statutory privilege, does not purport to adjudge that he cannot adjust his debts with his creditors, either by a voluntary arrangement or by a compromise under the provisions of the bankrupt act.

The bankrupt act provides two modes by which a bankrupt may be discharged from his debts: one by an application to the court showing that he has complied with the requirements of the law, and that all the conditions exist which entitle him to a discharge; and another by effecting a composition with his creditors. If he pursues the first mode, the opposition of a single creditor may defeat a discharge, although all the other creditors consent. If he adopts the second, a majority of his creditors, in a proper case and with the approval of the court, may determine that all his debts shall be satisfied upon specified conditions, and the proceedings in bankruptcy be practically terminated, against the objections of a minority of creditors. There is nothing in the language of the act, or indicated by its general scheme and policy, which compels him to elect between adopting the one or the other of these two modes of obtaining a release from his debts, or which precludes him, if he adopts one and fails, from adopting the other afterwards. Even if he has obtained his discharge by the first mode, there is nothing in the act which prevents him from offering terms to his creditors and effecting a statutory payment of his debts by a composition.

The provisions which authorize a composition are highly beneficial to creditors. They allow the majority, under proper circumstances, to close the bankruptcy proceedings without waiting the often slow processes of official administration, and they offer an incentive to the bankrupt to co-operate by putting it out of the power of a single creditor, or a minority of creditors, to defeat his discharge. In the absence of any expressed restrictions in the law, it should not be held that any act or omission of a bankrupt can operate to prejudice the creditors from entering into a composition whenever they deem it best to do so.

No other specific objection is urged against the composition. Although the percentage offered by the bankrupt, and accepted by the creditors, was very small, the question whether it was expedient to accept it was primarily one for the creditors to determine; and after they have determined it, and their action has been approved by the district court, this court upon review will not interfere. *Re Wronkow*, 15 Blatchf. 38; *Re Wilson*, 16 Blatchf. 112. It has been assumed

that the opposing creditor had a right to be heard in the proceedings. It is therefore not necessary to determine whether the objections to his appearance, which have been urged, are well taken. Whether the judgment he has obtained against the bankrupts, after their discharge was refused, and before the composition, is affected by the composition proceedings, is a question which does not arise here, but is more properly to be considered by the court in which he has obtained his judgment.

The order of the district court is affirmed.